# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLONZO HEDRINGTON,<br><br>                Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant.<br>_____/ | Case No.  1:24-cv-00497-KES-SKO<br><br>**ORDER VACATING HEARING AND DENYING PLAINTIFF'S MOTION WITHOUT PREJUDICE**<br><br>(Doc. 17) |

Pending before the Court is Plaintiff Orlonzo Hedrington ("Plaintiff")'s "Rule 37, Failure to Disclosures and to Cooperate in Discovery, Motion of Sanctions," filed August 6, 2024. (Doc. 17) Defendant United States of America ("Defendant") filed its opposition to the motion on August 9, 2024. (Doc. 19.)

After having reviewed the motion and opposition, the Court deems the motion suitable for decision without oral argument, and hearing set for August 28, 2024, will be vacated.  For the reasons set forth below, the motion shall be denied without prejudice.

## I.  BACKGROUND

On April 26, 2024, Plaintiff, proceeding *pro se*, filed this action against Defendant alleging that "he was drugged, kidnapped taken to the basement and rapped (sic) at David Grant Medical Center."  (*See* Doc. 1.)  Plaintiff sought to meet and confer with Defendant on June 5, 2024, to discuss exchange of initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and to convene a conference as required by Rule 26(f).  (*See* Doc. 17 at 7–8.)  Defense counsel responded that "meeting and conferring about discovery would be premature until after the Court has resolved

1 the pre-Answer dispositive motions that we plan to file in these actions." (Doc. 19 at 5.)

2 On June 18, 2024, Plaintiff emailed defense counsel again demanding initial disclosures, stating that "Gov. Gavin Newsom signed (SB 235) senate bill into Law that overhauls CCP 2016.090," and "Disclosures are required within 60 days of another party's request." (Doc. 19 at 6.) Defense counsel responded on June 27, 2024, that "Section 2016.090 of the California Code of Civil Procedure does not apply in federal district court." (*Id*.)

Defendant timely filed a motion to dismiss on July 3, 2024. (Doc. 8.) Defendant moves to dismiss Plaintiff's complaint with prejudice pursuant to Rules 12(b)(1) and (b)(6), asserting that Plaintiff's claims are barred by sovereign immunity and *res judicata*. (*See id.*) On July 9, 2024, the undersigned issued a minute order continuing the mandatory scheduling conference, *sua sponte*, to May 6, 2025, in view of the pending motion to dismiss. (*See* Doc. 9.)

Plaintiff filed the instant motion to compel on August 6, 2024. (Doc. 17) Plaintiff sought and was granted an extension of time to file an opposition to the motion to dismiss, and as a result the hearing on the motion has been continued to September 23, 2024. (*See* Doc. 15.)

## II. DISCUSSION

Although not entirely clear, Plaintiff appears to seek to compel Defendant to serve initial disclosures under Federal Rule of Civil Procedure 26(a)(1). (*See* Doc. 17 at 2 ("Now, I ask and compel the Court for Initial Disclosures.").) Rule 26(a)(1)(C) requires that a party make initial disclosures "at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order." Here, because the parties have not held their Rule 26(f) conference, and there is no stipulation or court order directing the parties to serve initial disclosures, Plaintiff's demand for such disclosures is premature and will be denied. *See Zappia v. World Sav. Bank FSB*, No. 14CV1428-WQH (DHB), 2015 WL 1608921, at *3 (S.D. Cal. Apr. 10, 2015) ("Initial disclosures are not due until 14 days after the parties' Rule 26(f) conference. Here, the Rule 26(f) conference has not yet occurred, and there has been no court order or stipulation setting a different timeline. Accordingly, Wells Fargo does not have any obligation to make initial disclosures at this stage in the litigation.") (internal citations omitted).

To the extent Plaintiff is seeking to compel Defendant to provide other, unspecified

discovery prior to Rule 26(f) conference, such request will be denied.  Rule 26(d) states:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

As set forth above, the parties have not yet held a Rule 26(f) conference, so in the absence of a stipulation, Plaintiff may obtain early discovery under Rule 26(d) only by court order upon a showing of good cause.  *See, e.g., Roadrunner Intermodal Servs., LLC v. T.G.S. Transportation, Inc.,* Case No. 1:17-cv-01056-DAD-BAM, 2017 WL 3783017, at *3 (E.D. Cal. Aug. 31, 2017); *Apple Inc. v. Samsung Elecs. Co.,* 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011); *In re Countrywide Fin. Corp. Derivative Litig.,* 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008).  "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).  Plaintiff has not mentioned, much less demonstrated, good cause to justify early discovery at this time.

Finally, to the extent Plaintiff seeks to compel Defendant to participate in a Rule 26(f) conference so that he can "proceed in discovery" (*see* Doc. 17 at 3), such request will be denied. The Court is vested with broad discretion to manage the process of discovery and to control the course of litigation, *see Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012), with the goal of ensuring the "just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1.  This Court and others within the Ninth Circuit have declined to require participation in a Rule 26(f) conference where it is not "practicable," given the stage of the proceedings.  *See Zavala v. Kruse-Western, Inc.*, No. 1:19-cv-00239-DAD-SKO, 2019 WL 3219254 at *2, 3 (E.D. Cal. July 17, 2019).  *See also Jones v. Micron Tech. Inc.*, No. 18-CV-3805-JSW (KAW), 2019 WL 5406824, at *2 (N.D. Cal. Oct. 23, 2019); *In re Morning Song Bird Food Litig.*, No. 12CV1592-JAH(RBB), 2013 WL 12143947, at *3 (S.D. Cal. Jan. 25, 2013); *Contentguard Holdings, Inc. v. ZTE Corp.*, CASE NO. 12cv1226–CAB (MDD), 2013 WL 12072533, at *2 (S.D. Cal. Jan. 16, 2013).

Here, compelling Defendant to participate in a Rule 26(f) conference while its motion to

dismiss is pending is not practicable.[1]  The motion to dismiss contends that the Court lacks subject matter jurisdiction over Plaintiff's federal claims against Defendant, and that Plaintiff's state law claim is barred by *res judicata*.  (*See* Doc. 8.)  As such, without opining on its merit, the undersigned observes that the motion raises significant issues, the resolution of which will likely define the scope of discovery, if any.  *See In re Morning Song Bird Food Litig.*, 2013 WL 12143947, at *3 (denying motion to compel Rule 26(f) conference, deeming the plaintiffs' "efforts to pursue written discovery in this action [] premature" where "the parties intend to engage in substantial motion practice to challenge the operative pleading."); *Contentguard*, 2013 WL 12072533, at *2 (same, observing "[i]t would be inefficient and cause unnecessary expense for the parties to engage in discovery on claims that may not survive and defenses and counterclaims that may not be asserted").  *See also Daroodi v. Kitaen*, No. 23-CV-01490-RBM-JLB, 2023 WL 6593807, at *2 (S.D. Cal. Sept. 15, 2023) (denying motion to compel Rule 26(f) conference without prejudice, finding such an order "would not reduce the expense or delay in the case" and observing that "until the pending motion to dismiss is resolved, the Court's subject matter jurisdiction over this case remains undetermined.").  Plaintiff has not articulated any good cause to conclude otherwise.  *See, e.g.*, *Johnson v. United Cont'l Holdings, Inc.*, No. C-12-2730 MMC, 2014 WL 12823346, at *1 (N.D. Cal. June 16, 2014) (denying motion to compel Rule 26(f) conference where the plaintiffs "fail[ed] to show why the [] conference should be conducted on an earlier date" than 21 days before the scheduling conference).

### III.    CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's "Rule 37, Failure to Disclosures and to Cooperate in Discovery, Motion of Sanctions" (Doc. 17) is DENIED WITHOUT PREJUDICE.  The hearing on the motion set for August 28, 2024, is VACATED.

IT IS SO ORDERED.

Dated:   **August 20, 2024**                    /s/ *Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Nor is holding a scheduling conference, which is why the undersigned has continued the conference while the motion to dismiss is pending.  (*See* Doc. 9.)

4