UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLONZO HEDRINGTON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 1:24-cv-00497-KES-SKO<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. 8) |

1

Plaintiff Orlonzo Hedrington filed this case on April 26, 2024, asserting five claims under 42 U.S.C. § 1983 against the United States. Doc. 1 ("Compl."). On July 3, 2024, the government filed a motion to dismiss. Doc. 8 ("MTD"). For the reasons explained below, the court grants the motion to dismiss.

## I. Background

Plaintiff Orlonzo Hedrington, proceeding pro se, alleges that he was "drugged, kidnapped, taken to the basement and [raped] at David Grant Medical Center," a hospital on Travis Air Force Base. Compl. at 2. He alleges that the employees "tried to kill him and cover it up by making false statements [to law enforcement and others] about where [he] was being transported . . . [and] about the discharge times."[1] *Id.*

On April 26, 2024, Hedrington filed a complaint against the United States asserting five claims under 42 U.S.C. § 1983 for alleged violations of his First, Fourth, and Fourteenth Amendment rights. He also asserts a claim for intentional infliction of emotional distress.

On July 3, 2024, the government filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). MTD. In response, Hedrington filed a "Declaration by Orlonzo Hedrington in Support of Opposition to Defendant's Motion to Dismiss," which contains argument and the court thus construes as an opposition. Doc. 16 ("Opp'n").[2] The government did not file a reply.

Hedrington has filed six prior cases concerning the same alleged facts and circumstances, and the trustee of his bankruptcy estate previously filed one such case: *Peter L. Fear ex rel. Bankruptcy Estate of Orlonzo Hedrington v. United States of America* ("*Fear*"), 2:18-cv-02333-KJM-DB; *Orlonzo Hedrington v. United States of America, et al.*, 2:21-cv-00414-KJM-DB;

---

[1] Plaintiff's factual contentions are set forth in only three sentences. *See id.*

[2] Hedrington also filed a "Motion to Dismiss Defendant United States of America's Notice of Motion and Motion to Dismiss" on September 13, 2023, Doc. 22, and an "Opposition by Plaintiff Orlonzo Hedrington to Defendant's Rule 27" on September 18, 2023, Doc. 23. These filings appear to largely repeat arguments in plaintiff's original opposition, and they do not meaningfully address the government's arguments that his claims are barred by sovereign immunity and res judicata.

2

*Orlonzo Hedrington v. David Grant Medical Center, et al.*, 2:22-cv-00074-KJM-DB; *Orlonzo Hedrington v. Veteran's Administration of the United States of America*, 1:22-cv-01425-KJM-DB; *Orlonzo Hedrington v. David Grant Medical Center, et al.*, 2:22-cv-00801-CKD; *Orlonzo Hedrington v. United States of America*, 1:24-cv-00497-KES-SKO; and *Orlonzo Hedrington v. United States of America, et al.*, 2:24-cv-01224-DAD-DB.  Doc. 4 (Notice of Related Cases).

**II.**     **Legal Standard**

    **a. Fed. R. Civ. P. 12(b)(1)**

A party may move to dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1).  A motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) may be facial or factual.  *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1028 (9th Cir. 2023).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).  "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): [a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction."  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

    **b. Fed. R. Civ. P. 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations.

1 *Iqbal*, 556 U.S. at 680.  While Rule 8(a) does not require detailed factual allegations, "it demands
2 more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.  A
3 pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the
4 elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also id.* at 678 ("Threadbare
5 recitals of the elements of a cause of action, supported by mere conclusory statements, do not
6 suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has
7 not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."
8 *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526
9 (1983).

### III. Discussion and Analysis

The government moves to dismiss, asserting that Hedrington's § 1983 claims are barred by federal sovereign immunity and that his only remaining claim, for intentional infliction of emotional distress, is barred by the doctrine of res judicata.  MTD at 2–4.  Each is discussed in turn.

#### a. Federal Sovereign Immunity

Sovereign immunity "shields the Federal Government and its agencies from suit" unless there is an explicit waiver of immunity.  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  "[T]he terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* (quotations omitted).  Furthermore, it is the plaintiff's burden to identify a waiver of that immunity.  *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983).

Hedrington does not point to any waiver of federal sovereign immunity for his § 1983 claims, nor could he.  While the United States has waived sovereign immunity for traditional tort claims committed by federal employees, *see* 28 U.S.C. § 1346(b), it has not waived its sovereign immunity for constitutional torts asserted under § 1983, *Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011).  In *Jachetta*, the Ninth Circuit explained that § 1983 did not constitute a waiver of the federal government's sovereign immunity because § 1983 imposes liability upon a "person," and the federal government is not a "person" within the meaning of the Act.  *Id.*; *see also Accardi v. United States,* 435 F.2d 1239, 1241 (3d Cir. 1970) ("The United States and other

governmental entities are not 'persons' within the meaning of Section 1983."); *Hoffman v. HUD,* 519 F.2d 1160, 1165 (5th Cir. 1975) ("[The federal government] is . . . excluded from the scope of section 1983 liability.").

Hedrington's five claims against the United States under 42 U.S.C. § 1983 are therefore barred by federal sovereign immunity.

**b. Res Judicata**

Hedrington's only remaining claim, for intentional infliction of emotional distress, is barred by the doctrine of res judicata.

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)). Res judicata applies whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.* As the court explained in *Fear*, "res judicata is a judge-made doctrine based upon practical concerns: hostility to relitigation, wariness about double recovery, and anxiety that resources will be wasted by successive suits where one would have sufficed." No. 2:18-cv-02333-KJM-DB, 2023 WL 158669, at *3 (E.D. Cal. Jan. 11, 2023) (quotations omitted).

First, "[t]he central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" *Owens*, 244 F.3d at 714 (quoting *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000)). Even if the causes of action are different in the first and second adjudication, the claims arise from the same transactional nucleus of fact when both causes of action "could have been asserted, whether they were or not, in a prior suit between the parties." *Id.* (quoting *Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir. 1998)). There is an identity of claims here because Hedrington's claims in this case, like the claims in each of his seven prior cases, arise from the alleged sexual assault at David Grant Medical Center. *See, e.g.*, *Fear*, 2023 WL 158669, at *1–2.

Second, at least some of those cases resulted in a final judgment on the merits. *See, e.g.*,

1   *Fear*, 2023 WL 158669, at *4.  *Fear* is on appeal, but "a district court judgment is final for

2   purposes of res judicata . . . even during the pendency of an appeal."  *Sosa v. DIRECTV, Inc.*, 437

3   F.3d 923, 928 (9th Cir. 2006).

4         Lastly, Hedrington or his bankruptcy trustee, and the United States, were parties in each of

5   his prior cases.  *See, e.g.*, *Fear*, 2023 WL 158669.  *Fear* was brought by Hedrington's bankruptcy

6   trustee, but the bankruptcy trustee "stands in the shoes of the debtor Hedrington for purposes of

7   res judicata."  *Id.* (quoting *in re Keller*, 185 B.R. 796, 800 (B.A.P. 9th Cir. 1995)).  *Fear* and each

8   of Hedrington's cases were brought against the United States or a federal agency, and federal

9   agencies are in privity with the United States for purposes of res judicata.  *Mervin v. FTC*, 591

10  F.2d 821, 830 (D.C. Cir. 1978) (citing *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381,

11  402–03 (1940)).  Therefore, Hedrington's remaining claim is barred by the doctrine of res

12  judicata.

13        Hedrington argues that this court should relieve him from the judgment imposed in *Fear*

14  and his other prior cases due to "fraud on the court."  *See* Opp'n at 21–30.  Fraud on the court is

15  an equitable claim that allows a federal court to vacate or amend a judgment in a case if the

16  harmed party shows that there was egregious misconduct during the proceedings that violated the

17  integrity of the judicial process.  *See In re Levander*, 180 F.3d 1114, 1118 (9th Cir. 1999); *see*

18  *also* Fed. R. Civ. P. 60(d)(3) ("This rule does not limit a court's power to set aside a judgment for

19  fraud on the court.").

20        Hedrington's contention that alleged fraud in *Fear* or any of his other prior cases should

21  relieve him from their preclusive effect is without merit.  His arguments concerning the

22  proceedings in *Fear* demonstrate as much.  Hedrington asserts that his counsel, counsel for the

23  United States, and the judge in *Fear* colluded to keep out evidence so that the court could reach a

24  result unfavorable to the plaintiff.  *Id.* at 22.  However, the court in *Fear* held that there was

25  insufficient evidence to support the plaintiff's negligence claim against the VA hospital because

26  expert testimony was needed to establish the appropriate standard of care for the hospital, and the

27  plaintiff failed to offer expert testimony.  *See Fear*, 2023 WL 158669, at *4 ("Even for an

28  'ordinary' negligence claim, '[t]he standard of care against which the acts of a physician are to be

measured is a matter peculiarly within the knowledge of experts; it presents the basic issue in a malpractice action and can only be proved by their testimony, unless the conduct required by the particular circumstances is within the common knowledge of the layman.'" (quoting *Flowers v. Torrance Mem'l Hosp. Med. Center*, 8 Cal. 4th 992, 1001 (Cal. 1995)).  Hedrington did not then, and does not now, argue that he was prevented in *Fear* from offering expert testimony.  *See* Opp'n at 21–30.  Instead, he asserts only that he had other evidence to support his claim, such as "medical Records, statements, etc. . . ." *Id.* at 26.  Hedrington appears to misunderstand the court's ruling against him in *Fear*.  In any event, his argument is meritless.

## IV.   Conclusion and Order

    1.  Based upon the foregoing, defendant's motion to dismiss, Doc. 8, is **GRANTED**.

    2.  The Clerk of Court is directed to close this case and enter judgment for defendant.

IT IS SO ORDERED.

Dated:   September 27, 2024

_____
UNITED STATES DISTRICT JUDGE