**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ORLONZO HEDRINGTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Case No. 1:24-cv-0497 KES SKO<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATON UNDER RULE 60<br><br>Docs. 26, 27 |

Orlonzo Hedrington seeks reconsideration of the Court's order dismissing the action and he requests that the case be allowed to proceed. Docs. 26, 27. Hedrington argues that reconsideration is appropriate under Rule 60(b)(3) and Rule 60(d)(3) of the Federal Rules of Civil Procedure, asserting that the defendant committed fraud upon the Court. Doc. 26 at 1-6; Doc. 27 at 1-3.

Pursuant to Rule 60(b)(3), this Court may grant relief from judgment, an order or proceeding when there is "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(3). To prevail on a Rule 60(b)(3) motion, "the moving party must prove by clear and convincing evidence that the [order] was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the [case]." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000). Rule 60(b)(3) is

1

intended to address "judgments which were unfairly obtained," and should not be used to dispute an order that a party believes is "factually incorrect." *Id.* (quoting *In re M/V Peacock*, 809 F.2d 1403, 1405 (9th Cir. 1987)).  Rule 60(d), which Hedrington also cites, states that Rule 60(b) does not limit a court's power to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3).

Although Hedrington argues that the defendant committed fraud upon the Court by misrepresenting facts related to his litigation history and prior proceedings, he fails to support such allegations.  The Court independently reviewed the complaint and determined that the claims raised under 48 U.S.C. § 1983 were barred by federal sovereign immunity.  Doc. 24 at 2-5. The Court also reviewed Hedrington's litigation history, including seven prior cases, and found the doctrine of res judicata barred his sole remaining claim.  *Id.* at 2-3, 5-7.  Based on these findings, the Court granted the motion to dismiss and entered judgment.  Consequently, Hedrington fails to carry the burden to show "by clear and convincing evidence" that the Court's order was the result of fraud or misrepresentations by the defendant.

The Court ORDERS:

1.     Plaintiff's motions for reconsideration (Docs. 26, 27) are DENIED.

2.     The action SHALL remain closed.

3.     **No further filings will be accepted in this closed case.**

IT IS SO ORDERED.

Dated:   June 18, 2026                          _____
                                                               UNITED STATES DISTRICT JUDGE

2